IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-00094-REB-MJW

WAHAN KRIKORIAN,
On behalf of the TPS Parking Management, LLC 401(k)
Plan and On Behalf of All Other Similarly Situated
Employee Benefit Plans,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,
GREAT-WEST LIFE & ANNUITY INSURANCE
COMPANY OF NEW YORK, GREAT-WEST
TRUST COMPANY, LLC, and ADVISED ASSETS
GROUP, LLC, collectively d/b/a EMPOWER RETIREMENT,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No. 31-1)

---

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, consistent with the standards governing entry of protective orders, upon stipulation of the parties and their counsel for the entry of a protective order governing the disclosure of certain specified documents and other information of a privileged, confidential, private or commercial nature, and finding that such a protective order is necessary in order to facilitate and expedite discovery while protecting the confidentiality of information obtained from the parties and non-parties, it is hereby ORDERED as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that a party in good faith believes to contain or constitute that party's trade secrets, customer names, addresses or contact information, customer agreements, business proposals, participation agreements, marketing or competitive strategies, private financial information, pricing information or policies, or other non-public, sensitive confidential information or proprietary information, including confidential or sensitive research or commercial information, the public disclosure of which would be damaging and which could be expected to result in current or future injury to the producing party or provide a competitive advantage to one or more of the producing party's competitors. This necessarily includes confidential, personal, and private information for or of persons who are not parties to this litigation. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively

      working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the named parties or, if the named party is a corporation or other entity, representatives of the named party, including a party's current directors, affiliates, officers, employees, attorneys and agents who have a need to review or otherwise inspect documents and information in order to assist the prosecution or defense of this action;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees ("Court Personnel");

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses; and

h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by or associated with counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed agreement in the form of the Acknowledgment attached hereto as Exhibit A. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on

them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion [consistent with D.C.Colo.LCivR 7.2, *MJW 4-18-16*] within thirty days thereafter requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the

disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this action, including appeals, upon written request, the parties and their counsel shall promptly return to counsel for the party who requested the "Confidential" designation all originally Produced Documents designated as "Confidential." Within sixty days of the conclusion of this action, all copies, extracts and summaries of Produced Documents designated as "Confidential" and Confidential Materials shall be destroyed, and counsel shall confirm in writing to all other counsel that such destruction has occurred.

10. Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern any inadvertent production of privileged materials. The parties intend, and the Court orders, that this paragraph be broadly construed so as to provide the maximum protection allowed by law against the unintentional waiver of privilege through the production of privileged documents or information. The receiving party shall, within a reasonable amount of time, notify the producing party upon the receipt of a Produced Document that appears to contain privileged information. Upon notice that a Produced Document containing privileged information has been produced, the producing party shall promptly notify the receiving parties of the claim of privilege and the basis for it. Within fourteen days after receipt of a notice that a Produced Document containing privileged information has been produced, the receiving party shall return, sequester or destroy the Produced Document and all copies until the claim has been resolved, even if the party disputes the underlying privilege.

    a. To the extent that the information contained in the Produced Documents

has already been used or described in other documents generated or maintained by a receiving party, the receiving party shall promptly retrieve and sequester such documents until the privilege claim has been resolved.

b. If a receiving party disclosed the information contained in the Produced Documents before being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve that information until the privilege claim has been resolved.

c. A party's return of allegedly privileged Produced Documents is without prejudice to its right to seek a judicial determination of that privilege claim.

11. In the event any party or person subject to this Stipulated Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for injunctive relief against the person or party, and the existence of an adequate remedy at law shall not constitute a valid defense to such an application for injunctive relief.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 18th day of April, 2016.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

APPROVED:

/s/ Daniel R. Thies
Joel S. Feldman
Mark B. Blocker
Daniel R. Thies
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2030
Facsimile: (312) 853-7036
Email: jfeldman@sidley.com
       mblocker@sidley.com
       dthies@sidley.com

Edward C. Stewart, #23834
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: stewart@wtotrial.com

*Attorneys for Defendants, Great-West Life & Annuity Insurance Company*
*Great-West Life & Annuity Insurance Company of New York*
*Great-West Trust Company, LLC*
*Advised Assets Group, LLC*


/s/ James E. Miller
James E. Miller
Laurie Rubinow
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jmiller@sfmslaw.com
       lrubinow@sfmslaw.com

Kolin C. Tang
SHEPHERD FINKELMAN MILLER
 & SHAH, LLP

7

One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 429-5272
Facsimile:  (866) 300-7367
Email: ktang@sfmslaw.com

*Attorneys for Plaintiff, Wahan Krikorian*

## EXHIBIT A - ACKNOWLEDGMENT

I, _____, have reviewed the Stipulated Protective Order entered in the case of *Wahan Krikorian v. Great-West Life & Annuity Insurance Company et al.*, Case No. 16-cv-00094-MJW (D. Colo.), and I agree to abide by its terms. I understand that all Confidential Materials and the information contained in them shall not be disclosed pursuant to terms of the Stipulated Protective Order and that all such information must be destroyed or returned to the producing party within 60 days following the resolution of this case.

_____
Signature

Date: _____