IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 16-cv-00094-REB-SKC

WAHAN KRIKORIAN, On Behalf of the TPS Parking Management, LLC 401(k) Plan
and On Behalf of All Other Similarly Situated Employee Benefit Plans,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,
GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY OF NEW YORK,
GREAT-WEST TRUST COMPANY, LLC, and
ADVISED ASSETS GROUP, LLC, collectively d/b/a EMPOWER RETIREMENT,

    Defendants.

## ORDER CONCERNING MOTION TO STRIKE
## & MOTION FOR CLASS CERTIFICATION

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion To Strike Expanded Class Definition Contained in Plaintiff's Renewed Motion for Class Certification** [#166][1] filed December 8, 2017; and (2) the **Plaintiff's [Corrected] Renewed Motion for Class Certification and Supporting Memorandum of Law** [#170-1] filed December 21, 2017. Concomitant responses [159 & #172] and replies [#171 & #179] were filed. I grant the motion to strike in part and deny the motion for class certification.

---

[1] "[#166]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  MOTION TO STRIKE

The defendants, Great-West Life & Annuity Insurance Company and related entities, provide administration and other services to 401(k) retirement plans.  Like the parties, I refer to the defendants collectively as Empower Retirement.  The plaintiff, Wahan Krikorian, is a participant in a 401(k) retirement plan, the TPS Parking Management, LLC 401(k) Plan (TPS Plan).  Empower Retirement provides services to the TPS Plan.  Empower Retirement charges the TPS Plan for the services provided by Empower Retirement.

Mr. Krikorian alleges that the TPS Plan and Empower Retirement, in its relationship with the TPS Plan, are controlled by the Employee Retirement Income and Security Act (ERISA).  29 U.S.C. §§ 1001 - 1461.  He alleges that Empower Retirement acts as an ERISA fiduciary in relationship to the TPS Plan.  Empower Retirement invests contributions made to the TPS Plan in various mutual funds.  Often, Empower Retirement receives revenue sharing payments (RSPs) from mutual funds into which Empower Retirement invests retirement contributions.  An ERISA fiduciary may not accept RSPs unless (1) the service provider offsets any revenue sharing payment received by the service provider, on a dollar-for-dollar basis, against the fees owed by the plan to the service provider; and (2) the decision to invest in revenue sharing mutual funds is made by a plan fiduciary or participant other than the service provider which receives the revenue sharing fee. Mr. Krikorian alleges that Empower Retirement does not consistently offset revenue sharing payments it receives, on a dollar-for-dollar basis, against fees owed to Empower Retirement by the TPS Plan.  He seeks, *inter alia*, an injunction prohibiting Empower Retirement from retaining improperly RSPs, restitution of

all RSPs retained improperly by Empower Retirement, and compensatory damages. *Complaint* [#1], ¶ 12.

In his complaint [#1], Mr. Krikorian details and defines the term "Group Contracts." *Complaint* [#1], ¶¶ 18, 32-35, 39, 41, 46, 48, 56, 58-60, 62, 69, 72. According to the complaint, Group Contracts define the relationship between the TPS Plan and Empower Retirement. The Group Contracts give Empower Retirement the authority to manage the assets of the TPS Plan, Mr. Krikorian alleges. *Complaint* [#1], ¶¶ 32-35. This Group Contract authority, Mr. Krikorian alleges, is used by Empower Retirement to generate RSPs. *Complaint*, ¶¶ 52-53. According to Mr. Krikorian, Empower Retirement routinely and improperly retains some of these RSPs.

In his complaint, Mr. Krikorian proposes to pursue his claims against Empower Retirement on behalf of the TPS Plan and on behalf of a Fed. R. Civ. P. Rule 23 class defined as

> All employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 subject to Internal Revenue Code §§ 401(a) or 401(k) with which Empower Retirement has maintained a contractual relationship based on a group annuity contract or a group funding agreement.

*Complaint* [#1], ¶ 93. This class is limited to plaintiff plans working with Empower Retirement under Group Contracts.

In his first motion for class certification [#35] and in his present motion for class certification [#170-1], Mr. Krikorian proposes a different class definition:

> All employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 subject to Internal Revenue Code §§ 401(a) or 401(k) in [Empower Retirement's] Core Market (i.e., plans with $50 million or less in assets).

*Motion for class certification* [#170-1], p. 4. The parties agree that this class definition

3

includes pension benefit plans that have a relationship with Empower Retirement based on a Group Contract structure, as described in the complaint, and plans that work with Empower Retirement under a different contractual structure, a net asset value (NAV) structure.

Empower Retirement objects to this amended class definition because the definition includes pension benefit plans that work with Empower Retirement under a NAV structure. As Empower Retirement notes, none of the allegations in the complaint describes pension benefit plans that work with Empower Retirement under a NAV contract structure, as opposed to a Group Contract structure. Empower Retirement contends the plaintiff, by seeking to expand the scop of the class definition, is seeking to amend the nature of his claims and the scope of the proposed plaintiff class without amending his complaint. If the plaintiff is permitted to amend the class definition to cover plans operating under a NAV structure, Empower Retirement asserts, then the basis for the claims of the plaintiff and the scope of the proposed class will be expanded beyond the plaintiffs described in the complaint and the claims alleged in the complaint.

Empower Retirement says it has proceeded through discovery and other aspects of this case with a focus on plans with Group Contracts. As a result, Empower Retirement says it will be prejudiced if the nature of the plans included in the proposed plaintiff class is expanded to include plans operating under a NAV structure. Empower Retirement says the class definition in the complaint includes about 10,000 plans while the proposed amended class definition includes about 20,000 plans. *Motion to strike* [#166], p. 7.

4

Mr. Krikorian notes that his proposed expanded class definition was proposed initially in his first motion for class certification [#35]. That motion, and his motion to amend the complaint [#77], both were premised on the assertion that Mr. Krikorian learned new facts in discovery. Presumably, those new facts concern the existence of the NAV contract structure. *Motion for class certification* [#170-1], p. 13, n. 18. Mr. Krikorian says Empower Retirement is not prejudiced by an expansion of the class definition to include plans operating under a NAV structure because Empower Retirement long has been aware that Mr. Krikorian sought to include such plans in his proposed class.

I find and conclude that expansion of the proposed class to include plans operating under a NAV structure is not legally permissible. The claims detailed in the complaint [#1] all are based on plans working with Empower Retirement under a Group Contract structure. The complaint describes in detail the nature of a Group Contract and how Empower Retirement allegedly operates within a Group Contract structure to improperly receive RSPs. In contrast, the complaint says nothing about plans working with Empower Retirement under a NAV contract structure. Improper retention of RSPs by Empower Retirement, while operating under a NAV structure, is not described in the complaint. The complaint does not include allegations which show, plausibly, that plans operating with Empower Retirement under a NAV structure are entitled to relief based on improper retention of RSPs by Empower Retirement. With regard to plans operating under a NAV structure, the complaint does not satisfy the basic requirements of Fed. R. Civ. P. (8)(a)(2) (complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief.")

Permitting the plaintiff to expand the class definition to include plans operating under a NAV structure would permit the plaintiff to assert claims on behalf of such plans even though NAV plans are not described in the complaint. Such an expansion would include in the plaintiff class a large group of plaintiffs not described in the complaint. Such an expansion would include in the plaintiff class claims based on a NAV contract structure with Empower Retirement, a contract structure not described in the complaint. It is not proper to permit, via expansion of a class definition, the assertion claims not described in the complaint asserted by a group of plaintiffs not described in the complaint. This is true even if Empower Retirement long has known that Mr. Krikorian sought to include in the plaintiff class claims asserted by plans operating under a NAV contract.

In his renewed motion for class certification [#170-1], Mr. Krikorian claims Empower Retirement uses essentially the same contractual mechanism, participation agreements with mutual funds, to improperly retain RSPs for plans with Group Contracts and plans with a NAV contract structure. *Motion* [#170-1], pp. 13-14. Conceivably, that is true. However, nothing in the complaint alleges that Empower Retirement uses participation agreements to improperly retain RSPs when working with a plan with a NAV contract structure. Including these factual contentions in a motion for class certification is not sufficient to accomplish an amendment of the complaint to assert claims on behalf of plans with a NAV contract structure.

The plaintiff notes many cases which hold that amendment and refinement of the definition of a Rule 23 class, including after class certification, often is proper. **See, e.g., Daigle v. Shell Oil Co.**, 133 F.R.D. 600 (D. Colo. 1990) (certified class may be

6

altered, expanded, subdivided, or vacated as the case develops); *Response* [#172], pp. 4-6. As the defendant notes, however, those cases usually involve narrowing the scope of a class or adding greater detail to the definition of a class. *Reply* [#179], pp. 2-5. Most important, none of the cases cited by the plaintiff stands for the proposition that the definition of a Rule 23 class can be expanded to encompass claims not described in the complaint asserted by a group of plaintiffs not described in the complaint. An expanded class definition may occur only if the complaint contains, or is amended to include, plaintiffs and claims within the expanded class definition.

In their motion to strike [#166], the defendants ask that the class definition proposed in the renewed motion for class certification [#170-1] be stricken from that motion. Striking the proposed definition from the motion is of no utility. Thus, that request for relief is denied. However, the motion to strike [#166] is granted to the extent that the court finds and concludes that the proposed expanded class definition in the renewed motion for class certification [#170-1] is improper because that definition includes both plaintiffs not described in the complaint and claims not alleged in the complaint.

## II. MOTION FOR CLASS CERTIFICATION

Under Fed. R. Civ. P. 23, a class may be certified if the following requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class, and; (4) the representative parties will protect the interests of the class adequately. In addition, one of the three

7

alternative requirements outlined in Rule 23(b) also must be satisfied. ***Sibley v. Sprint Nextel Corp.***, 254 F.R.D. 662, 670 (D. Kan. 2008).

The question whether to certify a class is committed to the sound discretion of the trial court. ***Anderson v. City of Albuquerque***, 690 F.2d 796, 799 (10th Cir. 1982). As the proponent of class certification, the plaintiff bears a "strict burden of proof" to demonstrate the requirements of Rule 23 are satisfied. ***Trevizo v. Adams***, 455 F.3d 1155, 1162 (10th Cir. 2006). Nevertheless, because a certified class may be altered, expanded, subdivided, or abandoned as the case develops, ***Daigle v. Shell Oil Co.***, 133 F.R.D. 600 (D. Colo. 1990), doubts as to the propriety of entertaining a class action should be resolved in favor of certification, ***see Esplin v. Hirschi***, 402 F.2d 94, 99 (10th Cir. 1968) ("[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.").

The motion for class certification [#170-1] seeks certification of a class of plaintiff 401(k) plans which includes plans working with Empower Retirement under a Group Contract structure and plans working with Empower Retirement based on a NAV contract structure. However, Mr. Krikorian does not allege in the complaint that any plans work with Empower Retirement based on a NAV contract structure. Mr. Krikorian does not allege in the complaint [#1] that Empower Retirement improperly retains RSPs when working with plans under a NAV contract structure. Mr. Krikorian does not allege in the complaint that the TPS Plan works with Empower Retirement under a NAV contract structure. Given these circumstances, I cannot conclude that the claims asserted by Mr. Krikorian in his complaint [#1], claims based on a Group Contract

8

structure, are typical of the claims he seeks to assert on behalf of the proposed class, at least to the extent the proposed class includes plans working with Empower Retirement based on a NAV contract structure.

The scope of proposed plaintiff class and the claims included in the complaint [#1] is more narrow than the scope of the proposed plaintiff class and the claims included in the proposed class definition. As a result, the claims asserted in the complaint [#1] are not typical of the claims Mr. Krikorian seeks to assert on behalf of the proposed class as a whole. This lack of typicality prohibits certification of the class proposed in the motion [#170-1] of Mr. Krikorian. Thus, the motion for class certification [#170-1] is denied.

It is readily conceivable that Mr. Krikorian has established the requirements for Rule 23 class certification as to plans working with Empower Retirement under a Group Contract. I would endeavor to examine certification of that more narrow class were it not for a potential problem lurking in the record. Empower Retirement contends the TPS Plan works with Empower Retirement based on a NAV contract structure rather than a Group Contract structure. *Reply* [#179], pp. 5 - 6. Empower Retirement contends Mr. Krikorian and counsel for the plaintiff long have been aware of this fact. *Id.* According to Empower Retirement, the TPS plan has no assets invested with Empower Retirement under a Group Contract structure. *Id.*, p. 5. At least in part, Mr. Krikorian seems to agree. *Motion for class certification* [#170-1], p. 13, n. 18.

If the TPS Plan works with Empower Retirement under a NAV contract structure, and not under a Group Contract structure, then the Group Contract claims alleged in the complaint are not the type of claim the TPS Plan has standing to assert. If the TPS

9

Plan works with Empower Retirement under a NAV contract structure, and not under a Group Contract structure, then any claim the TPS Plan may have concerning RSPs is not typical of the Group Contract claims alleged in the complaint.  On the current record, there is a significant and unresolved question about whether the TPS Plan may assert a claim under a Group Contract structure, a NAV contract structure or, conceivably, both.  With that fundamental question unresolved, I decline to analyze whether or not Mr. Krikorian, as a participant in the TPS Plan, properly may represent a class of plaintiff plans asserting claims based on a Group Contract structure.  For these reasons, the renewed motion for class certification [#170-1] is denied.

### III.  CONCLUSION & ORDERS

The claims a plaintiff seeks to include in a class action must be claims alleged in the complaint.  The plaintiffs a plaintiff seeks to include in a proposed class of plaintiffs must be plaintiffs described in the complaint.  The plaintiff class proposed by Mr. Krikorian includes plaintiff 401(k) plans working with Empower Retirement under a NAV contract structure.  The allegations in the complaint [#1] do not describe this group of plaintiffs.  The plaintiff class proposed by Mr. Krikorian includes claims based on a NAV contract structure.  The allegations in the complaint [#1] do not include claims based on a NAV contract structure.  The definition of a Rule 23 class may not be expanded to include plaintiffs not described in the complaint and claims not alleged in the complaint.  Without an amendment of the complaint to include these plaintiffs and these claims, Mr. Krikorian may not expand the definition of his proposed class to include these plaintiffs and these claims.

Therefore, the **Defendants' Motion To Strike Expanded Class Definition Contained in Plaintiff's Renewed Motion for Class Certification** [#166] is granted to the extent the court finds and concludes that the class definition proposed in the renewed motion for class certification [#170-1] is improper because that definition includes plaintiffs and claims which are not the subject of the allegations in the complaint [#1]. Otherwise, that motion is denied. Similarly, the **Plaintiff's [Corrected] Renewed Motion for Class Certification and Supporting Memorandum of Law** [#170-1] is denied because the proposed class definition includes both plaintiffs not described in the complaint and claims not alleged in the complaint.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Strike Expanded Class Definition Contained in Plaintiff's Renewed Motion for Class Certification** [#166] is granted to the extent that the court finds and concludes that the proposed expanded class definition in the renewed motion for class certification [#170-1] is improper because that definition includes both plaintiffs not described in the complaint and claims not alleged in the complaint;

2. That otherwise, the **Defendants' Motion To Strike Expanded Class Definition Contained in Plaintiff's Renewed Motion for Class Certification** [#166] is denied;

3. That the **Plaintiff's [Corrected] Renewed Motion for Class Certification and Supporting Memorandum of Law** [#170-1] is denied; and

4. That the **Plaintiff's Renewed Motion for Class Certification and Supporting Memorandum of Law** [#156], which was supplanted by the **Plaintiff's**

**[Corrected] Renewed Motion for Class Certification and Supporting Memorandum of Law** [#170-1], is denied as moot.

Dated September 13, 2018, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge